UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sarah Francis King, | ) C/A No.: 8:07-3534-RBH-BHH |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Bret James Warner; and | ) |
| Piedmont Neurology Assoc., | ) |
| | ) |
| Defendant(s). | |

This matter has been filed by a South Carolina resident who is proceeding *pro se*.

She has named as defendants her neurologist, Bret James Warner, and the Piedmont

Neurology Association.  According to the complaint, the plaintiff suffered a convulsive

seizure in November 2006 and was transported to a local hospital for emergency medical

treatment.  The plaintiff suffered a second seizure in the presence of the emergency room

staff and was admitted to the hospital.  The following morning she was seen by defendant

Warner.  She alleges that defendant Warner failed to perform a physical exam, failed to

take her medical history, failed to make a diagnosis or recommend treatment concerning

the hospital test that were performed, and failed to inform plaintiff about the results of a

subsequent MRI brain scan.  Plaintiff seeks damages.

Under established local procedure in this judicial district, a careful review has been

made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915.

The review has been conducted in light of the following precedents: *Denton v. Hernandez*,

504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, (1992); *Neitzke v.*

*Williams*, 490 U.S. 319, 324-325, (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim*

*v. Warden, Maryland House of Correction*, 64 F.3d 951, (1995); *Todd v. Baskerville*, 712

F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).  This court is required to construe *pro se* complaints liberally.  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975).  However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Department of Social Services*, 901 F.2d 387,  (4th Cir. 1990).

In order for this Court to hear or decide a case, the Court must first have jurisdiction over the subject matter of the litigation.  It is well established that federal courts are courts of limited jurisdiction.  They possess only that power authorized by the Constitution and federal statute.  *See Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  This limited jurisdiction is not to be expanded by judicial decree.  *See American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951).  It is to be presumed that a cause lies outside this limited jurisdiction, *see Turner v, Bank of North America*, 4 U.S. (4. Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *see McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936).  The two most commonly recognized and

utilized bases for federal court jurisdiction are (1) "federal question" jurisdiction filed pursuant to 28 U.S.C. § 1331, and (2) "diversity of citizenship" jurisdiction filed pursuant to 28 U.S.C. § 1332.  The allegations contained in the complaint filed by the plaintiff in the above-captioned matter do not fall within the scope of either form of this Court's limited jurisdiction.

First, there is no basis for a finding of diversity jurisdiction over this complaint.  The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between–
>
> > (1) citizens of different States[.]

28 U.S.C. § 1332.

Any state law causes of action, such as medical malpractice or negligence would be cognizable in this court under the diversity statute, *Cianbro Corporation v. Jeffcoat and Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992), *affirmed*, *Cianbro Corporation v. Jeffcoat and Martin*, (4th Cir., November 22, 1993), 10 F.3d 806 [Table], if that statute's requirements are satisfied.  Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side.  *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978).  This court has no diversity jurisdiction because the parties in the above-captioned case are residents of the State of South Carolina.  Hence, complete diversity of parties is absent in the above-captioned case, and diversity jurisdiction is, therefore, lacking.  The plaintiff is not without a forum: she may file suit against the defendant in a Court of Common Pleas, which would

have jurisdiction over a suit brought by a South Carolina resident against another South Carolina resident.

Second, it is clear that the essential allegations of the complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  That is, the complaint does not state a claim cognizable under this Court's "federal question" jurisdiction.  Plaintiff's complaint involves allegations of medical malpractice and/or negligence.  Generally, such disputes are matters of state law to be heard in the state courts, unless diversity jurisdiction lis present.  Plaintiff's allegations do not contain any reference to an alleged violation of any federal statute or constitutional provision by Defendant, nor is any type of federal question jurisdiction evident from the face of the Complaint.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  *See Denton v. Hernandez*, *supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B).

s/Bruce Howe Hendricks
United States Magistrate Judge

November 13, 2007
Greenville, South Carolina


### *The plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).